WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GEICO INDEMNITY COMPANY,<br><br>                  Plaintiff,<br><br>  vs.<br><br>BRAD LITTLES,<br><br>                  Defendant. | No. 2:16-cv-1130-HRH |

O R D E R

Motion to Dismiss

Defendant moves to dismiss plaintiff's complaint.[1] This motion is opposed.[2] Oral argument was requested but is not deemed necessary.

Background

In 2014, defendant Brad Littles purchased a Harley Davidson motorcycle which he then insured with plaintiff, GEICO Indemnity Company.[3] Plaintiff alleges that in the

---

[1]Docket No. 6.

[2]Docket No. 11.

[3]Complaint for Declaratory Judgment at 2, ¶¶ 9-10, Docket No. 1.

-1-

process of obtaining his motorcycle insurance, defendant declined underinsured motorist (UIM) coverage.[4]

Plaintiff alleges that on November 21, 2015, defendant was a passenger in a vehicle that was involved in single vehicle accident.[5] Defendant was allegedly injured in the accident and claims that his medical bills exceed $159,000.[6] Plaintiff alleges that defendant settled his claim with the driver of the vehicle for policy limits of $15,000.[7] Defendant then made a claim under his policy with plaintiff, seeking $100,000 in UIM coverage.[8] Defendant contends that UIM coverage is available under his policy with plaintiff because any alleged rejection of that coverage was ineffective because plaintiff did not comply with Arizona law when offering him UIM coverage.

On April 19, 2016, plaintiff commenced this diversity action in which it seeks a declaration that the "UIM coverage in the Policy is not applicable and is not owed to Defendant[.]"[9]

---

[4] Id. at 2-3, ¶¶ 11-20.

[5] Id. at 4, ¶ 21.

[6] Id.

[7] Id. at ¶ 22.

[8] Id. at ¶ 23.

[9] Id. at 5, ¶ A.

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, defendant now moves to dismiss plaintiff's complaint.

Discussion

A Rule 12(b)(1) motion is brought to raise a challenge to the court's subject matter jurisdiction. Here, defendant is not arguing that this court lacks subject matter jurisdiction over plaintiff's claim under the Declaratory Judgment Act. Rather, defendant contends that the court should decline to exercise its jurisdiction under the Act.

"The Declaratory Judgment Act uses permissive language." R.R. Street & Co. Inc. v. Transport Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011). The Act provides that federal courts "may declare the rights and other legal relations of any interested party" in a declaratory judgment action. 28 U.S.C. § 2201(a) (emphasis added).

"In evaluating whether to hear a declaratory judgment action, a district court must first determine 'whether there is an actual case or controversy within its jurisdiction.'" Lexington Ins. Co. v. Silva Trucking, Inc., Case No. 2:14–CV–0015 KJM CKD, 2014 WL 1839076, at *5 (E.D. Cal. May 7, 2014) (quoting Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994)). Here there is an actual controversy within the court's diversity jurisdiction. The completely diverse parties disagree as to the availability of $100,000 of UIM coverage.

"The court must then decide 'whether to exercise its discretion by analyzing the factors set out in Brillhart....'" Id. (quoting Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005)). The Brillhart factors are: "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998). Additional factors the court may consider are

> "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

Id. at 1225 n.5 (citation omitted).

Defendant first contends that there is a presumption in favor of abstention in insurance cases. This contention is wrong. "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Id. at 1225.

Defendant next argues that the court should decline to exercise its jurisdiction because this case involves questions of state insurance law which are best left to state

courts. Defendant cites to Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 798 (9th cir. 1995), overruled on other grounds by Dizol, 133 F.3d 1220, in support of this argument. In Karussos, the court observed that courts should generally "decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule." Id. (citation omitted). Defendant argues that this rule helps prevent federal courts from needlessly deciding questions of state law and discourages forum shopping.

But, as plaintiff is quick to point out, the foregoing general rule only applies if there are pending cases involving the same controversy in both state and federal court. Here, the only pending case is the instant federal case. Because there is no pending state court case, if the court were to exercise its jurisdiction, it would not be needlessly deciding questions of state law or encouraging forum shopping nor would be there be any entanglement between the state and federal court systems. While this case involves issues of state law, "'[f]ederal and state courts are equally capable of applying settled state law'" to a particular set of facts. Madren v. Belden, Inc., Case No. 12–CV–01706–RMW, 2012 WL 2572040, at *5 (N.D. Cal. July 2, 2012) (quoting Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 747 (3d Cir.1982)).

Defendant also argues that if the court were to exercise its jurisdiction, he will be deprived of his chosen forum. But the same could be said as to plaintiff if the court were to dismiss this action. Plaintiff would then be deprived of its chosen forum. There is no reason for the court to abstain simply because defendant might prefer state court and plaintiff prefers federal court.

Defendant also seems to be suggesting that a federal forum will be less efficient but does not explain why this might be so. It is the court's perception that the federal forum will be as efficient and convenient as the state forum.

Finally, there are no other factors that suggest that abstention would be appropriate. The declaratory action that plaintiff has filed in this court will resolve all the issues between the parties and will serve a useful purpose in clarifying the legal relations at issue. There is no procedural fencing going on here and this action has not been filed to obtain a <u>res judicata</u> advantage. In short, there is no reason for the court to decline to exercise its jurisdiction over this declaratory action.

## Conclusion

Based on the foregoing, defendant's motion to dismiss[10] is denied.

DATED at Anchorage, Alaska, this 28th day of September, 2016.

/s/ H. Russel Holland
United States District Judge

---

[10]Docket No. 6.